IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **Trustees of the Plumbers and Pipefitters National Pension Fund**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**Cozza & Sons, Inc.**,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:09cv1251 (LMB/TRJ)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPORT AND RECOMMENDATION**

This case is before the court on plaintiffs' motion for default judgment against defendant Cozza & Sons, Inc. ("Cozza") (Docket no. 8). Process for defendant Cozza was personally served by private process server on January 27, 2010 (Docket no. 4). No answer or other response to the complaint has been filed. The Clerk entered default on March 23, 2010 (Docket no. 7).

Plaintiffs have filed a motion for default judgment (no. 8) with supporting exhibits. Upon consideration of the well-pled allegations of the complaint, the motion for default judgment, and the materials submitted in support thereof, the magistrate judge makes the following findings and recommendations.

1

**Jurisdiction and Venue**

The court has subject matter jurisdiction under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA")[1]; 29 U.S.C. § 185(a); and 28 U.S.C.§ 1331. Venue is proper in this court under Section 502(e)(2) of ERISA[2] and 29 U.S.C. § 185(a). The complaint alleges facts on which the court has personal jurisdiction over defendant under Fed. R. Civ. P. 5(k) and Va. Code § 8.01-328.1(A)(4).

**Fact Summary**

Plaintiffs, Trustees of the Plumbers and Pipefitters National Pension Fund ("NPF") and the International Training Fund ("ITF") (established under 29 U.S.C. §186(c)(5)), are the trustees of employee benefits plans/trusts that are administered in offices located in Alexandria, Virginia. Pls.' Compl. ¶¶ 1-2.

Defendant, Cozza, is a New York corporation existing under the laws of the State of New York with an office located there. Cozza transacts business in New York as a contractor or subcontractor in the plumbing and pipefitting industry; it is also an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11), and (12). Pls.' Compl. ¶ 3.

Cozza is bound by the Collective Bargaining Agreement with United Association Local Union No. 21 of the NPF, which obliges it to submit monthly remittance reports and attendant

---

[1] 29 U.S.C. §§ 1132 and 1145.

[2] 29 U.S.C. § 1132(e)(2).

fringe benefit contributions to the plaintiff funds. Pls.' Compl. ¶ 7. Cozza employed employees covered by the Collective Bargaining Agreement during the period encompassing the actions in the complaint and continuing. Pls.' Compl. ¶ 8.

Defendant Cozza has failed to pay timely these contributions due and owing to the funds on behalf of its employees for work covered by the agreements performed at defendant's request Pls.' Compl. ¶ 9. Furthermore, it has failed to pay liquidated damages and interest for its failure to make timely payments to the funds. Id.

## Contributions Owed, Interest and Liquidated Damages

More specifically, Cozza is delinquent in its contributions to the NPF in the amount of $17,013.04 at the date of the complaint for the months of June 2007 through September 2007, December 2007 through June 2008, August 2008 through January 2009, and March 2009 through May 2009. Decl. of William T. Sweeny ¶ 5. Consequently, pursuant to 29 U.S.C. § 185(a) (and Section 502(g)(2) of ERISA), plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) liquidated damages, (3) interest on contributions which were paid late or remain unpaid;[3] and, (4) reasonable attorneys' fees and the cost of this action.

NPF's liquidated damages are assessed as follows. Pursuant to Article VI, Section 5 of the Trust Agreement and the Delinquency Procedures adopted by the Trustees of the National Pension Fund as revised in March 2003, Cozza owes $1,701.30 in liquidated damages for the months of June 2007 through September 2007, December 2007 through June 2008, August 2008

---

[3] Interest is assessed at the rate of 12% per annum from the date due through the date of *payment*. Section 185(a) is a separate basis for relief, but overlaps the statutory remedies where ERISA section 515 allows a plan to set interest or liquidated damages that differ from the statutory default rules.

through January 2009, and March 2009 through May 2009 at a rate of 10% of the total amount owed. Decl. of William T. Sweeny ¶ 10.

The interest recovery amounts to $3,933.45 assessed at the rate of 12% per annum from the due date through the date of payment or April 2, 2010 and continuing at the rate of 12% per annum through date of payment. Id.

As for the ITF, Cozza is delinquent in its contributions in the amount of $530.46 for the months of June 2007 through September 2007, December 2007 through June 2008, August 2008 through January 2009, and March 2009 through May 2009. Decl. of William T. Sweeny ¶ 5. The ITF's liquidated damages are as follows: $106.09 for the same time period. Id. Finally, the interest recovery for this fund amounts to $112.19. Id.

The following amounts are due and owing:

| Fund | Contributions | Liquidated Damages | Interest[4] |
|---|---|---|---|
| NPF | $17,013.04 | $1,701.30 | $3,933.45 |
| ITF | $530.46 | $106.09 | $112.19 |
| TOTAL | $17,543.50 | $1,807.39 | $4,045.64 |

**Attorneys' Fees and Costs**

Section 502(g)(2) of ERISA[5] and the Collective Bargaining Agreement provide that an employer may be required to pay all attorneys' fees and costs incurred. Plaintiffs' counsel avers under oath that the following is an accurate representation of the attorneys' fees and costs

---

[4]Calculated through April 2, 2010.

[5] 29 U.S.C. § 1132(g)(2).

incurred in this proceeding that total $1,816.29. Costs included: the complaint filing fee ($350.00); the process server fee ($175.00); and the computerized research fee ($101.29). The following is a depiction of plaintiffs' counsel's fees per hour:

| Attorneys' Fees | |
|---|---|
| **Service** | **Rate** |
| Counsel #1 | $200.00 |
| Legal assistant | $120.00 |

In this case, counsel spent one hour preparing the complaint, requesting entry of default and moving for default judgment; the time spent by the paralegal consisted of 4.25 hours in research and other attendant services related to preparing the complaint and 4 hours in work related to moving for default judgment. Decl. of John R. Harney ¶ 4. The magistrate judge has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce plaintiffs' rights.

On these facts, the magistrate judge finds that the submitted pleadings and affidavits establish that plaintiffs are entitled to a default judgment and damages in accordance with the following:

| Total Amount Due | |
|---|---:|
| **Delinquent Contributions** | $17,543.50 |
| **Liquidated Damages** | $1,807.39 |
| **Accrued Interest** | $4,045.64 |
| **Attorneys' Fees/Costs** | $1,816.29 |
| **Total** | $25,212.82 |

### Recommendation

The magistrate judge recommends that default judgment be entered against defendant Cozza, in favor of plaintiffs, NPF and ITF, in the amount of $25,212.82. The magistrate judge further recommends that the court enjoin Cozza from violating the terms of plaintiffs' employee benefit plans and order defendant to submit timely contributions and reports to plaintiffs' funds.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

April 20, 2010
Alexandria, Virginia